UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL D. ZALDIVAR,

                Plaintiff,

          -against-

WILLIAM RICO,

                Defendant.

20-CV-4821 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. By order dated June 24, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Daniel Zaldivar alleges that he has leased a room in Bronx County, New York, from Defendant William Rico since July 2018. (Compl., ECF No. 1) at 5). Rico also lives in the apartment. Plaintiff contends that Rico has "overcharged [him] on a rent-controlled apartment" and has stolen his personal property. (*Id.* at 2). Plaintiff further alleges that Rico opened his mail and "held [his] mail [for] ransom on occasion." (*Id.*)

Plaintiff has attempted to install WiFi in his room, but Defendant Rico has blocked such efforts. The lack of internet access has impaired Plaintiff's ability to find work as an actor. Rico has "given [Plaintiff] an eviction date of 6/30/20 or he'll throw [Plaintiff's] stuff out." (*Id.* at 7). In addition, Rico threatened "to call the police because [Plaintiff] put a lock on [his] door." (*Id.*)

Plaintiff brings this action against Defendant Rico, seeking approximately $13,000 in damages and an order enjoining Rico from continuing to harass him.

## DISCUSSION

Federal district courts have limited subject matter jurisdiction. Federal courts have jurisdiction only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

1. **Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

Here, Plaintiff's claims that Defendant is violating his rights as a tenant appear to arise under New York state law–not federal law.[1] Plaintiff's complaint might be liberally construed as

---

[1] New York provides protections for tenants, including the Housing Stability and Tenant Protection Act of 2019, the Emergency Tenant Protection Act, and the Rent Stabilization law.

alleging that Defendant Rico tampered with Plaintiff's mail, which can in some circumstances be a violation of federal criminal law. But a private plaintiff cannot prosecute an action for criminal violations, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." ). Plaintiff's allegations that Defendant violated federal criminal law cannot be a basis for federal question jurisdiction, and his remaining claims arise under state law. The Court therefore cannot exercise federal question jurisdiction over this action.

### 2. Diversity Jurisdiction

Federal courts can exercise subject matter jurisdiction over a complaint asserting only state law claims where the Plaintiff alleges facts demonstrating that the Court has diversity jurisdiction. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). Plaintiff indicates in the complaint that both he and Defendant Rico are domiciled in New York. (Compl., ECF 1 at 4). He also alleges that he seeks $13,179.00 in damages. Because both parties are citizens of New York, and the amount in controversy does not exceed $75,000, the Court cannot exercise diversity jurisdiction over this matter. The complaint must therefore be dismissed for lack of subject matter jurisdiction.[2]

---

[2] Nothing in this order prevents Plaintiff from pursuing his landlord-tenant claims in a state court forum.

4

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 25, 2020
        New York, New York

                                                                  Louis L. Stanton
                                                                      U.S.D.J.